**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| DANEITRA ROBINSON,<br>   Appellant, | DOCKET NUMBER<br>DC-531D-24-0874-I-1 |
|   v. | |
| DEPARTMENT OF VETERANS<br>  AFFAIRS,<br>   Agency. | DATE:  March 6, 2026 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Daneitra Robinson, Fairfax, Virginia, pro se.

David R. Scruggs, Washington, D.C., for the agency.

Diane Tardiff, Bedford, Massachusetts, for the agency.

Winnie Jordan Reaves, Winston-Salem, North Carolina, for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her appeal of a denial of a within-grade increase for lack of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

jurisdiction. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

The administrative judge docketed this appeal after the appellant appeared to raise a claim of a denial of a within-grade increase during a separate appeal of her removal from her GS-05 position as a Medical Support Assistant. Initial Appeal File (IAF), Tab 1. The administrative judge issued an order advising the appellant that the Board may lack jurisdiction over her appeal and directing her to file evidence and argument showing that the Board has jurisdiction over the appeal. IAF, Tab 3. The appellant did not respond to the jurisdictional order. Therefore, the administrative judge issued an October 1, 2024 initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 5, Initial Decision (ID) at 1, 5. The administrative judge informed the appellant that the initial decision would become the Board's final decision on November 5, 2024, unless a petition for review was filed by that date. ID at 5.

On November 29, 2024, the appellant filed a pleading titled "Motion for Compensatory Damages" with the Board's Washington Regional Office and a supplement with the Board. Petition for Review (PFR) File, Tabs 1-2.[2] Thereafter, the Office of the Clerk of the Board contacted the appellant to clarify the intent of her filings. PFR File, Tab 3 at 1. Based on the appellant's

---

[2] The appellant's petition for review in MSPB Docket No. DC-531D-24-0874-I-1 does not address the issue of jurisdiction and is largely duplicative of her petitions for review in MSPB Docket Nos. DC-0752-24-0652-I-1 and DC-0752-24-0829-I-1. The appellant includes, among other things, her timeliness motion in MSPB Docket No. DC-0752-24-0652-I-1, documents concerning her request for mediation in MSPB Docket No. DC-0752-24-0829-I-1, and her emails with the Office of the Clerk of the Board concerning an error message she received when she attempted to submit documentation in MSPB Docket No. DC-0752-24-0652-I-1. PFR File, Tabs 1-2. This evidence is immaterial to the timeliness issue in this matter. Thus, we do not consider this evidence.

statements, that office docketed the November 29, 2024 pleadings as a petition for review and a supplement and issued an acknowledgment letter informing the appellant that her petition for review was untimely filed and that she could file a motion with the Board to accept her filing as timely or to waive the time limit for good cause. *Id.* at 1-2. The letter also provided the appellant with a blank copy of the form motion for her to complete and set the deadline of December 21, 2024, for her to file such a motion. *Id.* at 2, 6-7. The appellant did not file the motion. The agency did not respond to the petition for review.[3]

## DISCUSSION OF ARGUMENTS ON REVIEW

A petition for review must be filed within 35 days after the date of the issuance of the initial decision, or, if the petitioner shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date the petitioner received the initial decision. *Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶ 3 (2014); 5 C.F.R. § 1201.114(e). The record reflects that the initial decision was served electronically by email on the appellant, who had registered as an e-filer, on October 1, 2024—the date it was issued. ID at 13; *see* 5 C.F.R. § 1201.14(*l*)(2) (providing that Board documents served electronically on e-filers are deemed received on the date of electronic submission). The appellant does not argue otherwise. Thus, the deadline for filing a petition for review was November 5, 2024, the 35th day after the date of issuance of the initial decision. *See* 5 C.F.R. § 1201.114(e). However, the

---

[3] Months after filing her petition for review, the appellant filed a request to withdraw the petition. PFR File, Tab 6. That same day, she filed another pleading labeled "Request back pay and reinstatement to pay status," in which she summarily requested reversal of any adverse action and the restoration of any associated pay and benefits. PFR File, Tab 7. Then, on February 18, 2026, she filed a pleading labeled "Response to 01 29 2026 Cancel request to withdraw," in which she indicated she wished to cancel her withdrawal request. PFR File, Tab 9. Because we find the appellant's petition for review untimely filed without good cause, we need not address these additional pleadings any further. *See, e.g.*, *Rosso v. Department of Homeland Security*, 113 M.S.P.R. 271, ¶ 9 (2010) (recognizing that an appellant's relinquishment of her right to appeal to the Board must be by clear, unequivocal, and decisive action).

appellant filed a petition for review on November 29, 2024, twenty four days past the filing deadline. PFR File, Tab 1.

The Board will waive its timeliness regulations only upon a showing of good cause for the untimely filing. *Palermo*, 120 M.S.P.R. 694, ¶ 4; 5 C.F.R. §§ 1201.12, 1201.113(d), 1201.114(g). The party who submits an untimely petition for review has the burden of establishing good cause by showing that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Palermo*, 120 M.S.P.R. 694, ¶ 4; *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her petition. *Palermo*, 120 M.S.P.R. 694, ¶ 4; *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

In circumstances such as this, when an appellant does not respond to the Clerk's timeliness notice and has not otherwise explained the untimeliness of her petition for review, the Board has declined to find good cause for even a 1-day filing delay. *Smith v. Department of the Army*, 105 M.S.P.R. 433, ¶ 6 (2007). The Board has explained that, even in the case of a pro se appellant, the failure to respond to the Clerk's notice does not reflect due diligence. *Id.* Therefore, despite her pro se status, we find that the appellant has failed to show good cause for her 24-day filing delay. *See Wright v. Department of the Treasury*, 113 M.S.P.R. 124, ¶¶ 7-8 (2010) (dismissing the petition for review as untimely filed with no good cause shown when the petition for review was silent as to the reason for the delay and the appellant provided no explanation for the late filing in response to the Clerk's notice); *Lockhart v. Office of Personnel Management*,

94 M.S.P.R. 396, ¶¶ 7-8 (2003) (declining to excuse a 5-day delay in filing a petition for review when the pro se appellant failed to show good cause for the same).

Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the appeal of the denial of the within-grade increase.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.